Appeal from those parts of an order of Supreme Court, Erie *907 County (Makowski, J.), entered December 5, 2002, that, inter alia, granted the cross motion of defendants Charles John Chew and Timothy Seel seeking summary judgment and dismissed the complaint against them.
It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed with costs.
Memorandum: Plaintiff commenced this action to recover $50,000 allegedly remaining due pursuant to its agreements with defendants in settlement of prior lawsuits. Supreme Court properly denied that part of plaintiffs motion seeking summary judgment against defendants Charles John Chew and Timothy Seel and granted the cross motion of those defendants seeking summary judgment dismissing the complaint against them. In construing the parties’ agreements, our “role is limited to interpretation and enforcement of the terms agreed to by the parties; it does not include the rewriting of their [agreements] and the imposition of additional terms” (Matter of Salvano v Merrill Lynch, Pierce, Fenner & Smith, 85 NY2d 173, 182 [1995]). With respect to the first and second causes of action, we conclude that, contrary to plaintiffs contention, the terms of the settlement agreement impose the obligation to pay the underlying debt only upon defendant Radiant Energy Corporation (Radiant). That agreement contains no language that may be fairly interpreted as a guarantee of Radiant’s obligation by Chew and Seel. We reject plaintiff’s contention that the December 12, 2001 letter was sufficient to invoke paragraph 5 (c) of the stock pledge agreement. With respect to the third and fourth causes of action, we conclude that Chew and Seel established as a matter of law that they did not breach the stock pledge agreement, and plaintiff failed to raise a triable issue of fact (cf. Buhler v Maloney Consulting, 299 AD2d 190, 191-192 [2002]). Present— Green, J.P., Pine, Wisner and Hayes, JJ.